Nathaniel WILLIAMS, Petitioner—
Appellant,

v.

Claude E. FINN, Warden,
Respondent—
Appellee.

No. 02–56533.

D.C. No. CV–01–01788–TJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Nov. 4, 2004.

---

Nathaniel Williams, Tracy, CA, pro se.

RM.#E-193, Karyn H. Bucur Attorney at Law, Laguna Hills, CA, Richard T. Breen, DAG, Los Angeles, CA, for Respondent–Appellee.

Before B. FLETCHER, HANSEN,[*] and RAWLINSON, Circuit Judges.

### MEMORANDUM [**]

On June 22, 1981, Nathaniel Williams pleaded guilty in California state court to first-degree murder, and on January 6, 1982, he was sentenced to twenty-five years to life in prison. He took no direct appeal, and more than thirteen years passed. On May 4, 1995, Williams filed a motion to withdraw his guilty plea, which the trial court denied that same day. On July 30, 1996, and again on November 6, 1996, he petitioned the trial court for a certificate of probable cause, attempting to take a delayed appeal of his then fourteen-year-old conviction. The trial court denied his petitions on November 27, 1996. Williams filed a petition for writ of mandate with the California Court of Appeal on March 18, 1997, which was denied on April 10, 1997. The ten-day period for appealing to the California Supreme Court expired on April 20, 1997, with Williams filing no appeal.

Williams filed his first state habeas corpus petition with the trial court on December 18, 1997, and it was denied on January 27, 1998. He filed a second state habeas corpus petition with the trial court on September 17, 1998, and it was denied on November 24, 1998. Williams then petitioned the California Court of Appeal for a writ of habeas corpus on July 19, 1999, and his petition was denied on August 24, 1999. Finally, Williams petitioned the California Supreme Court for a writ of habeas corpus on March 20, 2000, and his petition was denied on June 28, 2000.

On February 26, 2001, Williams filed a 28 U.S.C. § 2254 petition in federal district court. The district court dismissed it as time-barred under the one-year limitation period prescribed in 28 U.S.C. § 2244(d)(1). We granted Williams a certificate of appealability, and we now affirm the judgment of the district court.

Giving the most generous plausible interpretation to Williams's state court fil-

---

[*] The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

ings, we conclude that his § 2254 petition was still untimely. Because we hold that his motion to withdraw his guilty plea, his petitions for a certificate of probable cause, and his petition for a writ of mandate were all part of the state direct review process seeking to take a delayed appeal-and not state postconviction relief proceedings-his time to file a § 2254 petition began running on April 20, 1997. If we assume that the time period that began with Williams's filing of his first state habeas petition in the trial court and ended with the California Supreme Court's ultimate denial of state habeas relief was one "full round of collateral review" under *Carey v. Saffold,* 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), then the one-year federal limitation period was tolled during that time. Nonetheless, adding together the 242 days that elapsed from April 20, 1997 (when his time to appeal to the California Supreme Court expired) to December 18, 1997 (when he filed his first state habeas petition), and the 243 days that elapsed from June 28, 2000 (when the California Supreme Court denied state habeas relief) to February 26, 2001 (when he filed his § 2254 petition in federal court), it is clear that well more than one year of nontolled time passed before Williams filed his § 2254 petition.

AFFIRMED.